IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESTERN EXPRESS, INC. | ) |
| | ) |
| v. | ) NO. 3:09-0162 |
| | ) JUDGE CAMPBELL |
| ROCK CREEK LUMBER, INC., et al. | ) |

ORDER

In response to the Court's prior Order (Docket No. 24), Plaintiff Western Express, Inc. and Defendant Rock Creek Lumber, Inc. have filed briefs relating to whether this action should be transferred to the U.S. District Court for the Middle District of North Carolina, where a previously-filed suit is pending. Docket Nos. 27 and 29. The North Carolina action was filed on December 10, 2008, and this action was filed on February 17, 2009.

The Court finds that this action should be transferred, pursuant to the "first-to-file rule" and pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The first-to-file rule is a doctrine of federal comity that promotes judicial efficiency. Fuller v. Abercrombie & Fitch Stores, Inc., 370 F.Supp. 2d 686, 688 (E.D. Tenn. 2005). The rule provides that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. Id. The most basic aspect of the first-to-file rule is that it is discretionary. Plating Resources, Inc. v. UTI Corp., 47 F. Supp.2d 899, 903 (N.D. Ohio 1999).

1

In determining whether actions are duplicative and the first-to-file rule applies, courts consider (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. Fuller, 370 F.Supp.2d at 688. The parties and issues need not be identical. Id. Rather, the crucial inquiry is whether the parties and issues substantially overlap. Id.

The Court finds that the parties and issues of this case substantially overlap the parties and issues of the North Carolina action. The North Carolina action was clearly filed first. A resolution in the North Carolina action would leave little or nothing to be decided in this action. Because the claims arise from the same contract, the same transaction and the same occurrence, Plaintiff may raise its claims herein as counterclaims in the North Carolina action, pursuant to Fed. R. Civ. P. 13.

The differences between the two actions are not sufficient to overcome the substantial similarities. Defendant Rock Creek's breach of contract action and the allowable counterclaims and cross-claims therein will settle the controversy at issue and will serve a useful purpose in clarifying the legal relations in issue. Plough, Inc. v. Allergan, Inc., 741 F.Supp. 144, 147 (W.D. Tenn. 1990).

Under the first-to-file rule, the suit which is first filed should have priority, absent a showing of a balance of convenience or special circumstances giving priority to the second suit. 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 132 (S.D. N.Y. 1994). Circumstances where an exception to the rule will arise include cases of bad faith, anticipatory suits, and forum shopping. Plating Resources, 47 F.Supp.2d at 905. There is no evidence before the Court that Defendant Rock Creek filed its claim in North Carolina as a result of bad faith, anticipatory suit or forum shopping.

2

Rock Creek is a North Carolina corporation. The first-filed action in the North Carolina court has already proceeded with, for example, the filing of answers and cross-claims (Docket Nos. 7 and 11 therein) and the filing of a counterclaim (Docket No. 23 therein).

For these reasons, the Court, in its discretion, concludes that the appropriate course is to transfer this action to the North Carolina court handling the North Carolina action, pursuant to its inherent authority under the first-to-file rule. See Fuller, 370 F.Supp. 2d. at 690-91. In order to avoid duplication and in the interest of justice, this case should be transferred so the issues presented can be resolved in the earlier-filed action pending in North Carolina.

Accordingly, this action is transferred to the U.S. District Court for the Middle District of North Carolina, as related to the pending case of *Rock Creek Lumber, Inc. v. OVT Brokers, LLC, et al.*, Case No. 1:08-cv-0927.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE